Michael F. Brunton
Attorney at Law #10901
Jayhawk Tower, Roof Garden A
700 SW Jackson
Topeka, KS 66603
(785) 233-5117

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In RE:

Prinsucola NMN White        Case No:

Debtor(s)

## CHAPTER 13 PLAN

DEBTOR(s):   Prinsucola NMN White        \*\*\*-\*\*-5213        2504 SW Clay

\*\*\*-\*\*-

Topeka KS 66611

Debtor or Debtors (hereinafter) Debtor (proposes:

1. PLAN PAYMENTS: $637.00- each Monthby:
Employer pay order directed to
Alorica, Inc.

Payroll Account

14726 Ramona Ave., 3rd Floor

Chino, CA 91710

2. GENERAL PROVISIONS: Payments shall be $637.00 for approximately 57 months.  IT IS NOT ANTICIPATED THAT THERE WILL BE ANY FUNDS PAID TO GENERAL UNSECURED CREDITORS.     * Please note that if the Debtor is employed and is required to make mortgage payments through the chapter 13 Trustee pursuant to Standing Order 08-1, Debtor is required to make Plan payments via an income withholding order. The Debtor is required to make the firest plan payment within 30 days of the date of filing of the bankruptcy petition . If Debtor has requested that plan payments be made via income withholding order but such funds have not been withheld at that time, Debtor shall make all interim plan payments directly to the chapter 13 Trustee.

3. OPTION ONE ADMINISTRATIVE; ATTORNEY FEES ASSOCIATED WITH MOTION FOR DISCHARGE: Proposed pre-confirmation attorney fees are $3,100.00. The Debtor has paid $0.00 to the attorney. $3,100.00  will be paid to the attorney through the plan. The chapter 13 Trustee shall be paid up to 10% on all funds disbursed by him. Counsel for debtor reserves the right to submit additional fee applications either on a time and charges basis or for specific task. The Debtor consents to such increases in plan payments as may be necessary  to pay such additional fees.

4. FILING FEE : The filing fee of $54.00 has been paid, with the balance of filing fee of $220.00 will be paid by the Trustee from payments made by the Debtor(s).

5. FINANCIAL MANAGEMENT COURSE FEES:  Financial Management Course fees of $75.00 will be paid to 1195 SW Buchanan at Topeka, KS 66614 from the first payments made by the Debtor to the Trustee upon a showing that the course has been completed AND the filing of a proof of claim by the credit counseling agency providing the instructional course concerning personal financial management required by 11 USC 111 and 1328(g)(1).

6. TAX REFUNDS FOR THE YEAR IN WHICH THE DEBTOR FILED THIS BANKRUPTCY. Debtor will immediately pay over to the Trustee the tax refund upon receipt. The Trustee will remit to the Debtor any portion of the refund that Debtor is entitled to retain. The Trustee will honor any proper assignment of the tax refund to Debtor's attorney and promptly remit such funds to Debtor's attorney. The Trustee will not retain a trustee's fee on amounts of the refund remitted to Debtor or to Debtor's counsel pursuant to the tax assignment. ALL PROSPECTIVE INCOME TAX REFUNDS RECEIVED DURING THE PENDENCY OF A "BELOW THE LINE" DEBTOR'S CHAPTER 13 BANKRUPTCY ARE NECESSARY FOR DEBTOR'S SUCESSFUL REORGANIZATION AND SHALL NOT BE PAID TO CHAPTER 13 TRUSTEE OR TO ANY CREDITOR.

7. TAX RETURNS: X Federal and state tax returns for the preceding four years have been filed.  Debtor has not filed returns for the following years: None. Debtor will timely file all tax returns during the pendency of this case.

8. DOMESTIC SUPPORT OBLIGATIONS: Debtor has no domestic support obligations.

9. PRIORITY TAX CLAIMS:  Debtor shall pay all allowed priority claims under 11 USC 507, without post petition interest. Debtor estimates that the IRS is owed $0.00 and the state of Kansas is owed $0.00. Payments through the Trustee of the principal and interest of tax obligations due as of the date of the filing of

the bankruptcy petition (as determined by the creditor's proof of claim or order of the Court) shall result in a full and total discharge of all obligations of the Debtor for those taxes except the IRS debt is not discharged to the extent provided by 11U.S.C. 1328 (a). Unless placed in controversy, the specific dollar amount to be paid shall be in accordance with the creditor's proof of claim. Unless objected to, the claim shall be deemed allowed. (Certain tax claims may be secured and will be treated accordingly, if they exist.)

| Creditor | Amount |
|---|---|
| | $0.00 |

10. PROPERTY TO BE SURRENDERED: The following property will be surrendered as indicated:

Any Creditor seeking to repossess/ foreclose the collateral described in this section prior to confirmation must seek and obtain an order from the Court granting relief from the automatic stay, unless the automatic stay no longer applies under 11 U.S.C. 362 (c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified above for surrender and the Creditor need not file a motion to lift stay inorder to repossess, foreclose upon or sell the collateral. This provision is not intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights. Unless specifically otherwise indicated, Creditors with a security interest in collateral to be surrendered shall be allowed to file a general unsecured deficiency claim.

11. REAL ESTATE MORTGAGES: (The Plan must pick one of these three alternatives in this paragraph)     *Debtor has no real estate mortgage debt. ** Debtor is current on the following real estate mortgage obligations and shall continue to make ongoing payments direct to the real estate mortgage creditor.  In the event Debtor becomes delinquent on such obligations after the bankruptcy petition date, Debtor shall make future ongoing payments through the Plan pursuant to Standing Order 09-2 and comply with all provisions thereof. Arrearages will be paid pro rata with other creditors over the life of the plan. X *** Debtor is in arrears on the following real estate mortgage obligations and shall pay arrearages and on-going post-petition reaol estate mortgage payments through the Plan (conduit payments) pursuant to Standing Order 09-2 and comply with all provisions therof.  The first post-petition ongoing mortgage payments through the Plan will begin with the January, 2011 payment, which is the third mortgage payments due after the filing of the petition. The first two (2) monthly post-petition mortgage payments that come due prior to the commencement of regular ongoing mortgage payments, plus two late fees, plus contract interest rate of 7.25%, shall be paid as an administrative expense. At the completion of the Plan, Debtor shall resume monthly mortgage payments direclty to the real property creditor pursuant to the terms of the mortgage contact.

| Real Estate Creditor | Estimated Arrearage Amount |
|---|---|
| Bank of America Mortgage | $1,800.00 |
| Claim: $43,000.00  Value: $62,000.00  To be paid: $2,700.00 Pre-Petition arrearage through October 2010: $1,800.00, Administrative claim: $900.00 (Nov. and Dec. 2010 payments),  Regular monthly payment of $450.00 to be paid by the Trustee commencing in January 2011 | |

Unless specifically controverted herein or by an objection to the claim, the amounts contained in the real property creditor's allowed Proof of claim shall control, and the amounts listed here are estimates. No disbursements shall be made until Proof of Claim is filed.  Interest (choose one) shall NOT be paid on the pre-petition arrearage/ shall be paid on the pre-petition arrearage amount at the rate of _____%. Absent timely objection, the real property creditor shall be bound by the foregoing interest rate. Pre-petition arrearages shall be paid pro rata with other secured creditors unless otherwise indicated. If the Debtor pays the arrearage, together with interest, if any, as specified in the Plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the real property creditor to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

If the Debtor has made all payments required under the Chapter 13 Plan, the Chapter 13 Trustee shall file a motion seeking an order of the Court determining that all pre-petition and/or post-petition defaults on Debtor's residential home mortgage debt are deemed cured and all payments made on such debt through date of plan completion are current, with no arrearage, no escrow balance, late charges, costs or attorney fees owing, except to the extent that the Court orders otherwise.

12. SECURED CREDITORS, "910 CAR LOAN" CREDITOR AND "ONE YEAR LOAN" CREDITOR, OTHER THAN DEBT SECURED BY REAL ESTATE:  All secured creditors, 910 car loan {as defined by 11 U.S.C. 1325 (a) (9)} and "One year loan" {as defined by 11 U.S.C. 1325 (a) (9)} creditors shall retain their liens pursuant to 11 U.S.C. 1325 (a) (5). Secured creditors listed below shall be paid the value of their collateral or the amount of the claim, whichever is less, unless otherwise specified, plus the current discount rate. ("Discount Rate" is "Till" rate, which is Prime plus 1.5%.)  Creditors with 910 car loan creditors and One Year Loan creditor will be required to release their liens on the collateral at discahrge In the event adequate protection is paid, any adequate protection paid pre-confirmation will be credited against the allowed principal secured portion of the creditor. A CREDITOR MUST FILE A CLAIM TO OBTAIN ADEQUATE PROTECTION AND TO RECEIVE PAYMENTS UNDER THE PLAN. THE PLAN, HOWEVER, WILL DETERMINE THE VALUE OF THE COLLATERAL UNLESS THE OBLIGATION IS A 910 CAR LOAN OR A ONE YEAR LOAN CLAIM.  All Adequate protection payments, if any, will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015 (b).1(g). Secured creditors will be paid equal monthly payments from funds available to pay those claims after the deduction of Trustee's fees.  Debtor reserves the right to increase the payments to the secured creditors beyond the equal monthly payment, as Debtor may be willing and able to pay. Debtor proposes that creditors will be will be adequately protected by Debtor promptly beginning to make payments under the Plan and for the Trustee to disburse as soon as practicable. If confirmation is delayed, Debtor will join the trustee in seeking disbursement of Plan payments as if the Plan was confirmed.

| Creditor | Value | Debt | Minimum Monthly Payment | Collateral |
|---|---|---|---|---|
| Buckeye Title Loans | $0.00 | $500.00 | $9.78 | 2002 Pontiac Aztec (title loan)   Not a 910 |
| Claim: $500.00, To be paid $500.00 | | | | |
| Bank of America Mortgage | $62,000.00 | $10,000.00 | $0.00 | 2504 SW. Clay, Topeka KS (2nd Mortgage) |
| Claim: $10,000.00  Second Mortgage. Debtor is current and will continue to pay directly. | | | | |

13. SECURED CLAIMS:
For non-910 vehicles and for other personal property not purchased with the last year, please specify the make , model, year mileage (if automobile) and condition and the method used for determining value.

13(a). 910 Car Loans Creditors   The following creditors are "910" creditors as defined in 11 USC 1325(a)(9) who claim a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, for debts incurred within 910 days prior to the filing of the bankruptcy petition. Debtor proposes to pay the following 910 creditors in full plus the current discount  / "Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

13(b). One Year Loan Creditors  The following creditors are One Year Loan creditors, as defined in 11 USC 1325(a)(9), who claim a purchase money security interest in personal property, other than a motor vehicle acquired for the personal use of the Debtor, for debts incurred within on-year preceding the filing of the bankruptcy petition. Debtor proposes to pay the following "one-year loan" creditors in full plus the current discount/ "Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

13( c ). CLAIMS THAT ARE TO BE PAID DIRECTLY: The claims of the following creditors shall be paid directly by the debtor. These contracts shall not be modified by this plan. These creditors remain bound by all applicable provisions of Title 11, including the provisions of 11 U.S.C. 362.

    Bank of America Mortgage                      $0.00    2504 SW. Clay, Topeka KS (2nd

        Claim: $10,000.00  Second Mortgage. Debtor is current and will continue to pay directly.

14. LIEN AVOIDANCES:  Debtor will seek to avoid the following liens under 11 USC 522(f) by the filing of an appropriate motion:

15. SPECIAL CLASS CREDITORS:  Special Class Creditors, if any, are to be paid as specified, and will be paid pro rata with secured creditors and arrearages on home mortgage, or after other creditors, unless otherwise specified. SPECIAL CLASS CREDITORS WILL BE PAID PRIOR TO AND PERHAPS TO THE EXCLUSION OF OTHER GENERAL UNSECURED CREDITORS.

|  | **Amount** | **To be paid** |
|---|---|---|
| Municipal Court of Topeka | $569.00 | $569.00 |

        Claim: $569.00, To be paid: $569.00. Stop sign violation, dog at large

16. STUDENT LOANS OBLIGATIONS:  Current student loan payments shall be made directly by Debtor to the student loan unless otherwise indicated.

Student loan creditors (on student loans that are not current) being paid by Trustee, shall be paid, pro rata, with other unsecured creditors unless otherwise indicated. Debtor is aware that interest will continue to accrue, post-petition. Further, Debtor is aware that any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and will be owed by the Debtor, unless Debtor files an adversary proceeding to determine the dischargeability of that debt and prevail on the merits.

17. EXECUTORY CONTRACTS AND UNEXPIRED LEASES: Post-petition payments on executory contracts and unexpired leases that are assumed shall be paid directly to the creditor, unless other wise specified. Any pre-petition arrearages shall be cured by payments to be made direct to the creditor by the Debtor, unless otherwise specified.

18. PLAN AMENDMENTS:  Debtor hereby reserves the right to modify this plan pursuant to 11 USC 1329 and to include post-petition debt pursuant to 11 USC 1322(b)(6).

19. GENERAL UNSECURED CREDITORS:  General unsecured claims will be paid after all other unsecured claims, including administrative and priority, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form B22C or through satisfaction of the "best interests of creditors test" pursuant to 11 USC 1325 (a)(4), or both, if  applicable.

20. "BEST INTEREST OF CREDITORS TEST"  Pursuant to 11 USC 1325 (a)(4), Debtor proposes to pay     $0.00     to the trustee.
This amount represents the liquidation value of the following property. (List property, explain how the computation of the liquidation value was made or attach a separate document explaining this.)  This amount is included in the payments Debtor proposes above.

21. PROPERTY OF THE ESTATE:  In addition to the property specified in 11 USC 541, property of this bankruptcy estate included all property acquired after the filing of the bankruptcy petition, including earnings.  Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

22. EFFECT OF CONFIRMATION:  ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN.  AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION.  If a creditor files a secured claim that is not provided for in the plan, the claim will be allowed as filed unless objected to by the Debtor or resolved by plan amendment or agreement of the parties.  All property of the estate will revest in the Debtors at discharge, unless otherwise ordered by the Court pursuant to 11 USC 1322(b)(9). ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN, AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.

Confirmation of the plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all of the applicable sectios of 11 USC 1322 and 1325 and the Debtors have fulfilled all of the pre confirmation obligations under 11 USC 521.

Dates: **10/20/2010**

Debtor: **s/Prinsucola NMN White**
       Prinsucola NMN White

Debtor: _____

**s/ Michael F. Brunton**
Attorney for Debtor (s)